Filed 6/5/23  P. v. Perez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JOSE JESUS PEREZ,<br><br>        Defendant and Appellant. | C095466<br><br>(Super. Ct. No. STK-CR-FE-2009-0008121) |

Defendant Jose Jesus Perez was found guilty of murder and street terrorism. (*People v. Jose Jesus Perez, et al.* (Sept. 25, 2012, C067040) [nonpub. opn.].)  The jury also found true firearm and gang enhancement allegations.  (*Ibid*.)  The trial court sentenced defendant to an indeterminate term of 50 years to life in prison.  We affirmed the convictions in an unpublished decision in 2012.  (*Ibid*.)

After the passage of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, §§ 1-4), defendant sought resentencing under former Penal Code section

1170.95, now Penal Code section 1172.6.[1] The trial court appointed counsel and received briefing from the parties. The trial court found defendant presented a prima facie case for relief and on September 27, 2021, issued an order to show cause. A two-day hearing was then held under Penal Code section 1172.6, subdivision (d)(3), after which the trial court denied defendant's petition.

Defendant now contends, in light of recently enacted Evidence Code[2] section 352.2 (added by Stats. 2022, ch. 973, § 2, effective Jan. 1, 2023), the trial court improperly considered "creative expression evidence" in denying his resentencing petition. We conclude section 352.2 does not apply and affirm the trial court's order.

FACTUAL AND PROCEDURAL BACKGROUND

On October 18 and November 5, 2021, the trial court conducted an evidentiary hearing on defendant's petition for resentencing pursuant to Penal Code section 1172.6. At the hearing, defendant argued he was entitled to resentencing because he was convicted under a natural and probable consequences theory of murder and there was insufficient evidence he intended to kill the victim.

At the Penal Code section 1172.6 hearing, the prosecution argued defendant was not entitled to resentencing because he was convicted of implied malice murder; the evidence demonstrated defendant intended to kill the victim when he aided and abetted the actual killer. To support its argument, the prosecution pointed to music that was admitted into evidence at trial, the lyrics of which included the shooting and killing of

---

[1]     Effective June 30, 2022, former Penal Code section 1170.95 was recodified without substantive change to Penal Code section 1172.6. (Stats. 2022, ch. 58, § 10.) Defendant filed his petition under former Penal Code section 1170.95, but we will refer to the current Penal Code section 1172.6 throughout this opinion.

[2]     Further undesignated section references are to the Evidence Code.

Norteños. The prosecution also relied on related gang evidence and evidence that defendant possessed ammunition to show defendant's intent and motive.

The trial court considered the record in the underlying appeal and denied the resentencing petition. The trial court found, "The evidence presented at the jury trial and the [order to show cause] hearing proved beyond a reasonable doubt that [defendant] had an intent to kill as he acted as an aider and abettor in the murder of [the victim]." The trial court summarized the evidence supporting the decision, including but not limited to the music and lyrics about the shooting and killing of Norteños.

Defendant appealed from that postjudgment order. Appointed counsel for defendant initially asked this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Counsel subsequently filed a motion to strike the *Wende* brief and file an opening brief on the merits. We granted that motion.

DISCUSSION

Defendant now contends the trial court "prejudicially erred when it considered evidence of gang music and lyrics" in denying his petition for resentencing. (Capitalization & boldface omitted.) In support of his contention, defendant argues the trial court's reliance on gang music and lyrics runs afoul of newly enacted Evidence Code section 352.2. (Added by Stats. 2022, ch. 973, § 2, effective Jan. 1, 2023.) In response, the People contend Evidence Code section 352.2 does not apply here because it does not apply retroactively. What neither party addresses is that defendant is appealing from a postjudgment order. Thus, the first question that should be considered is whether Evidence Code section 352.2 even applies in a postjudgment, Penal Code section 1172.6 resentencing hearing. We need not resolve that question in this appeal, however, because, we conclude, even if Evidence Code section 352.2 does apply in a Penal Code

3

section 1172.6 hearing, it does not apply here, where the hearing took place before Evidence Code section 352.2 was enacted.

Courts of appeal are split on whether section 352.2 applies retroactively. In *People v. Venable* (2023) 88 Cal.App.5th 445, 448, review granted May 17, 2023, S279081, the Fourth District Court of Appeal, Division Two, concluded the requirements of section 352.2 *do* apply retroactively. In *People v. Ramos* (2023) 90 Cal.App.5th 578, the Fourth District Court of Appeal, Division One, reached the opposite conclusion. (*Id.* at pp. 581, 596.) We agree with the decision in *Ramos*.

"The general rule is that 'when there is nothing to indicate a contrary intent in a statute it will be presumed that the Legislature intended the statute to operate prospectively and not retroactively. (*In re Estrada* (1965) 63 Cal.2d 740, 746.)" (*People v. Ramos*, *supra*, 90 Cal.App.5th at p. 592.) We "look to the Legislature's intent in order to determine if a law is meant to apply retroactively." (*People v. Frahs* (2020) 9 Cal.5th 618, 627.) "[N]either the text of . . . section 352.2 itself, nor the Legislature's findings and declarations, give any express indication that the Legislature intended . . . section 352.2 to apply retroactively to nonfinal cases." (*Ramos*, at pp. 592-593.)

Our Supreme Court recognized an exception to this general rule in *In re Estrada*, *supra*, 63 Cal.2d at page 745. The exception provides that "[n]ewly enacted legislation *lessening criminal punishment or reducing criminal liability* presumptively applies to all cases not yet final on appeal at the time of the legislation's effective date." (*People v. Gentile* (2020) 10 Cal.5th 830, 852, italics added.) The *Estrada* exception has been applied to statutes that govern penalty enhancements as well as substantive offenses, statutes that only make reduced punishment *possible*, and a statute that " 'ameliorated the possible punishment for a class of persons.' " (*People v. Frahs*, *supra*, 9 Cal.5th at pp. 628-629, italics omitted.)

Section 352.2, however, "was enacted to prevent the admission of unfairly prejudicial evidence when not warranted in the circumstances of a particular case."

4

(*People v. Ramos*, *supra*, 90 Cal.App.5th at p. 596.) It does not lessen, or potentially lessen, criminal punishment. Nor does it "give rise to more lenient treatment of a defendant" or "alter criminal liability." (*Ibid*.) "It is therefore not an ameliorative enactment within the meaning of *Estrada*," and not subject to the *Estrada* exception. (*Ibid*.) We thus conclude, it does not apply here.

## DISPOSITION

The trial court's order denying defendant's Penal Code section 1172.6 petition is affirmed.


/s/
ROBIE, Acting P. J.


We concur:



/s/
HULL, J.



/s/
DUARTE, J.